| 6 | 873 |
|---|-----|
| 93 | 297 |

## WEAVER & GAINS v. CRENSHAW.

1. The right of a freeholder to be sued in the county of his residence, is a personal privilege, and cannot be pleaded by any other party to the suit ; therefore, a joint plea by two defendants, one of whom is liable to the suit, is bad.
2. Until dower is assigned to the widow, she has no estate in the lands of her husband, but a mere right to occupy the mansion house, out houses, &c. until dower is assigned her.
3. Whether an estate in dower would entitle the second husband to an exemption from suit, out of the county of his residence, Quære ?
4. A joint judgment against two defendants, one upon verdict, and the other by nil dicit, is regular.

ERROR to the County Court of Perry.

Debt on note executed by the plaintiffs in error and one Bradley. A writ issued against all the parties; and also a branch writ to Dallas county. The sheriff of Perry returned the writ executed on the plaintiffs in error, and "not found," as to Bradley.

The defendant Gains pleaded that he was a resident freeholder of Dallas county, and not liable to a suit in Perry county.

The defendants jointly pleaded the freehold of Gains in the county of Dallas.

Upon the first plea, issue was taken; and to the last, there was a demurrer, which was sustained by the court.

Upon the trial of the issue, the defendant Gains, to establish his freehold in Dallas county, proved that he resided in that county. upon land which had belonged in fee to his wife's former husband, but did not prove that dower had been assigned her. The court instructed the jury, that this was not such a freehold in the

defendant as would protect him from suit out of the county of his residence; to which the defendant excepted.

Judgment being rendered against the defendants, they now assign these matters as error.

Davis, for plaintiff in error.
T. Chilton, *contra.*

ORMOND, J.—The joint plea of the defendants that one was a freeholder in Dallas county, and not liable to an action in the county of Perry, was bad, and the demurrer to it properly sustained. The right to plead this fact in abatement is personal to the party, and did not affect the right to sue the other defendant in Perry county. As a joint plea it was therefore bad, and the demurrer to it properly sustained.

Until dower is assigned to the widow, she has no estate in the lands of her deceased husband. The widow's *quarantine,* by our statute, does not extend beyond the right to occupy the dwelling house, out houses, &c., until her dower is assigned.—Until then, she has no estate in the lands of her deceased husband, but a mere right to have her dower allotted to her. It is not necessary, therefore, that we should enter upon the inquiry whether a dower interest in lands would entitle the husband to an exemption from suit out of the county of his residence, because it does not appear that there was any such estate in the wife of the defendant.

The joint judgment against the defendants, one upon *nil dicit,* and the other upon verdict, is sufficiently regular.

Let the judgment be affirmed.