# Jefferson County Savings Bank v. Carland, et al.

## Assumpsit.

(Decided February 3, 1916.  71 South. 126.)

1. **Process; Summons; Service; Jurisdiction.**—The process of the city court of Birmingham runs to any sheriff in the state under § 5399, Code 1907, and must be executed by the sheriff or other officer in any county under provisions of § 5301, Code 1907; such a court having general jurisdiction co-extensive with that of the circuit and chancery court.

2. **Venue; Nonresident Defendants; Statute.**—The provisions of § 6110, Code 1907, do not apply to a personal and transitory action where defendants are non residents.

3. **Same; Personal Action.**—There being no controlling statute, under the common law a personal and transitory action may be maintained against a nonresident on service in a county of the state other than that in which the suit is brought.

4. **Same; Personal Right.**—The privilege which a resident of the state has of being sued in the county of his permanent residence is personal to him.

5. **Constitutional Law; Due Process; Equal Protection.**—Due process and equal protection do not require that the privilege of localizing actions shall be conferred alike on resident and non-resident defendants, they being satisfied respectively by any practice having the sanction of common law usage, having reference to substance and not to form.

Appeal from Birmingham City Court.
Heard before Hon. H. A. Sharpe.

[Jefferson County Savings Bank v. Carland, et al.]

Action by the Jefferson County Savings Bank as against J. C. Carland and others, service on defendant being perfected in Cullman county, Alabama, and they being nonresidents of the state. From a judgment sustaining defendants' plea in abatement, plaintiff appeals. Reversed and remanded.

STERLING A. WOOD, for appellant. GEORGE H. PARKER, and EYSTER & EYSTER, for appellee.

SAYRE, J.—The Jefferson County Savings Bank brought this action in Jefferson county on a contract made in that county. Defendants were nonresidents, their place of residence being in the state of Ohio. Process was served upon them in Cullman county. They pleaded in abatement that they were subject to suit in this state only in the county where they were found, and the trial court sustained their plea. Plaintiff appeals.

(1) The question presented is whether on the facts stated defendants were suable in Jefferson county. The city court of Birmingham, from which process issued, is a court of general jurisdiction. By the act of its creation its jurisdiction is coextensive with that of the circuit and chancery courts, and its process runs to every part of the state.—*Wolfe v. Underwood*, 91 Ala. 528, 8 South. 774. Its process runs to any sheriff of the state of Alabama, and must be executed by the sheriff or other officer in any county.—Code, §§ 5299, 5301.

(2) The action is personal and transitory, and the defendants are nonresidents, so that our venue statute (Code, § 6110), providing that personal actions must be brought in the county in which the defendant, or one of the defendants, resides, if such defendant has, within the state a permanent residence, has no application, and the question is to be determined on common-law principles.

(3) In Brown on Jurisdiction, § 39, it is said, without citation of authority, that the venue in transitory actions, when brought against nonresidents, should be laid in the county where the defendant is found. The text is quoted in *Kress v. Porter*, 132 Ala. 577, 31 South. 377; but that was a proceeding in rem by attachment against a nonresident on whom no personal service was had, and the evident purpose of the quotation was to bring into view the connected statement of the text to the effect that

such proceedings should be brought in the county where the property is seized. In *Smith v. Gibson*, 83 Ala. 284, 3 South. 321, the court said: "The general rule is that every country has jurisdiction over all persons found within its territorial limits, for the purposes of actions in their nature transitory. It is not a debatable question, that such actions may be maintained in any jurisdiction in which the defendant may be found, and is legally served with process."

That case was cited in *Steen v. Swadley*, 126 Ala. 617, 28 South. 620, and *Lee v. Baird*, 139 Ala. 526, 36 South. 720, and its language may have been accepted as the substantial equivalent of the text of Brown on Jurisdiction, to which we have made reference. But our investigation of the sources from which the language was derived leads us to believe that jurisdiction, as there used, meant the territorial jurisdiction of the sovereignty, in which the suit was brought. Thus in *Peabody v. Hamilton*, 106 Mass. 217, it was said that: "Personal actions, of a transitory nature, may be maintained in any jurisdiction within which the defendant is found, so that process is legally served upon him."

At any rate, in *Steen v. Swadley*, this was the language: "When as in this case a cause of action is transitory in its nature, it may be sued on wherever within the state the defendant may be personally served with process, though he be a nonresident" all of which was well said in those cases, for in each of them nonresidents were sued in the counties where they were found, and may be accepted as true in general without involving any necessary implication that a nonresident found in one county of this state may not be haled to court in another county.

An old Georgia case (*Murphy v. Winter*, 18 Ga. 690) holds that a citizen of another state, who is merely passing through, resides, as he passes, wherever he is. But in that case the defendant, a citizen of Alabama, was sued in the county in Georgia where he was found, properly so of course, and the case is like those cases of our own to which we have referred. In Ohio the ascertained policy of state legislation induced the ruling that a nonresident must be sued in the county where found, but the court said that it was aware that its decision was an innovation upon the subject as understood in England, and perhaps in some or all of the other states of the Union.—*Genin v. Grier*, 10 Ohio

210. In Indiana, on the other hand, a suit against a nonresident was maintained on service in a county other than that in which the suit was brought, and that against just such a plea in abatement as was filed in the case at bar.—*Reed v. Browning*, 130 Ind. 576, 30 N. E. 704.

In England the place in transitory actions is never material, except where by acts of parliament it is made so, and the venue may be laid in any county.—Tidd's Pr. pp. 427, 428. If the matter which is the cause of a transitory action arises within the realm, it may be laid in any county, the place is not material. —*Mostyn v. Fabrigas*, Cowp. 161, 177.

(4, 5) The privilege, which a resident of this state has, of being sued in the county of his permanent residence, is personal to him.—*Weaver v. Crenshaw*, 6 Ala. 873. It is conferred by our statute of venue, without which the place of trial would be optional with the plaintiff. But the statute makes no provision as to venue in transitory actions against nonresidents. By coming here, however transiently, defendants have submitted themselves to the jurisdiction which every state exercises over all persons within its limits in respect to matters purely personal, which, in contemplation of law, have no locality; and we apprehend there is no good reason why they should have the benefit of a personal privilege of mere convenience which the statute has conferred only upon persons having a permanent residence in this state. Every substantial right they have may, and will beyond peradveuture, be as fairly adjudicated, and for aught we can see, as conveniently, in Jefferson county as anywhere else in the state. Due process and equal protection, which, respectively, are satisfied by any practice having the sanction of common-law usage, and have reference to substance and not form, do not require that the privilege of localizing actions should be conferred alike on resident and nonresident defendants, though in some states it has been done.—*N. Y., etc., R. R. Co. v. Estill*, 147 U. S. 591, 608, 13 Sup. Ct. 444, 37 L. Ed. 292. The plea was insufficient.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.