129 P.2d 338

**STATE ex rel. APPELBY v. DISTRICT COURT OF FIFTH JUDICIAL DISTRICT FOR CHAVES COUNTY et al.**

No. 4672.

Supreme Court of New Mexico.

Sept. 18, 1942.

Neal & Girand, of Hobbs, for relator.

Atwood & Malone, of Roswell, for respondent.

SADLER, Justice.

The question for decision is whether prohibition will lie to restrain the district court of a county other than that in which the accident occurred from further proceeding in an action by one nonresident of New Mexico against another nonresident, served through the secretary of state pursuant to L.1931, c. 127, to recover damages under 1929 Comp., § 36-104, for wrongful death occasioned in an automobile collision.

The particular action which it is sought to stop by prohibition is one entitled Mary Rice Tom as Temporary Administratrix of the Estate of J. D. Tom, as Plaintiff, deceased, v. P. W. Appelby, as Defendant, numbered 10798 on the civil docket of the district court of Chaves County. The plaintiff claims damages for the alleged wrongful death of the decedent suffered in a collision between his automobile and defendant's truck in Lea County, New Mexico. The complaint alleges that defendant's truck was operated in an unlawful manner, to-wit, on the wrong side of the highway. The defendant appeared specially to object to jurisdiction of the cause

in the district court of Chaves County. He urged that both parties being nonresidents of New Mexico and the accident having occurred in Lea County, venue should have been laid in that county. The trial court announced that it would overrule the objection to its jurisdiction and proceed to try the cause. Thereupon, the relator sought prohibition here and was awarded an alternative writ.

Section 36-104, the statute authorizing the action, makes no provision as to venue. L.1931, c. 127, constituting the secretary of state agent for service on nonresident defendants in an action for damages growing out of the operation in New Mexico of a nonresident's automobile provides in section 2 that the plaintiff shall file a verified complaint "in one of the district courts of the State" showing a cause of action, etc. This merely is legislative recognition of the general rule governing under the venue statute where a nonresident is defendant. Hence, we are turned back to a consideration of the provisions of this statute on the question of venue. It is 1929 Comp., § 147-101 and so far as material reads:

"*Civil actions in district courts.* All civil actions commenced in the district courts shall be brought and shall be commenced in counties as follows, and not otherwise:

"First. 1st, all transitory actions shall be brought in the county where either the plaintiff or defendant or some one of them, in case there be more than one of either, resides; 2nd, or in the county where the contract sued on was made or is to be performed, or where the cause of action originated or indebtedness sued on was incurred; 3d, or in any county in which the defendant or either of them may be found in the judicial district where the defendant resides.

"Second. When the defendant has rendered himself liable to a civil action by any criminal act, suit may be instituted against such defendant in the county in which the offense was committed, or in which the defendant may be found, or in the county where the plaintiff resides.

\*     \*     \*     \*     \*     \*

"Sixth. Suits may be brought against transient persons or non-residents in any county of this state."

In the face of defendant's admitted non-residence and the plain language of § 147-101, subd. 6 reading, "suits may be brought against transient persons or non-residents in any county of this state", the relator's position may be sustained only by a showing that the district court lacks jurisdiction of the subject matter. This he seeks to do through the contention that since the wrong resulting in decedent's death was a criminal act, viz., driving on the wrong side of the road, an action to recover damages therefor is rendered local under the provisions of § 147-101, subd. 2.

Noticing that under sub-paragraph 1 of said section all transitory actions may be brought in the county where the plaintiff or the defendant resides, or where the cause of action originates, the relator admits that

any action in tort for the recovery of personal damages, whether the liability was occasioned by negligence or by a criminal act, "in the larger sense of the word, might be termed a transitory action in the absence of statute. It was doubtless for this reason", continues the relator, that "the legislature provided that where a criminal act was the basis of such an action, the suit should be brought in the county in which the offense was committed, or in which the defendant might be found, or in which the plaintiff resides."

The relator, in his brief, continues: "In this case (since) the defendant was not found in New Mexico, he being a non-resident, and plaintiff did not reside in New Mexico, but in El Paso County, Texas, the statute leaves only the county in which the act was committed, in this case, Lea County, New Mexico; so that in cases such as the case of Tom vs. Appelby where the basis for the recovery is an alleged unlawful act, the statute makes the action local. If this construction of the statute is correct, then the proposition raised is one that goes to the jurisdiction of the court to try the same."

■ The effort to remove the present case from the category of a transitory action is due, no doubt, to our recent decision in Peisker v. Chavez, 46 N.M. 158, 159, 123 P.2d 726. We there held that in the absence of a plea of privilege, transitory actions might be brought and tried in any county in the state and the judgment would be valid. Accordingly, the case was held not a proper one for prohibition. And so it is here. Assuming, without deciding, that if the action were local in character, venue in Lea County could not be waived, still the relator must fail because of the essential transitory character of an action to recover damages for wrongful death.

The relator relies solely on the fact, if it be a fact, that the defendant has rendered himself liable to a civil action by a criminal act, to remove it from the permissive effect of § 147-101, subd. 6, authorizing suits against nonresidents in any county in the state. This is in accord with the general rule prevailing by statute elsewhere as to venue of suits against nonresidents. 67 C.J. 118, 120. The mere fact that the wrongful act complained of may have been criminal in character can have no bearing on the transitory nature of an action to recover damages therefor. At least, the relator has failed to point out any bearing this circumstance could have on the question and we can see none.

■ Holding, as we do, that the action is transitory, prohibition will not lie. And being transitory it, of course, falls squarely within the permissive effect of § 147-101, subd. 6, authorizing suit against a nonresident in any county in the state and as well within the language of L.1931, c. 127, § 2, authorizing a plaintiff in an action against a nonresident growing out of an accident or a collision in which the latter's automobile is involved, to file his complaint in any one of the district courts of the state.

It follows from what has been said that the alternative writ of prohibition was improvidently issued and it will be discharged.

It is so ordered.

BRICE, C. J., and MABRY, J., concur.

ZINN, J., being absent, did not participate.

BICKLEY, Justice (concurring specially).

I concur in the result. I am not satisfied that the action is transitory.

I think, however, that it is premature, unnecessary, and inappropriate to go into the question of whether the action is local or transitory in a prohibition proceeding.

Prohibition may not be employed as a substitute for appeal or writ of error.

Where the Court is acting within its power, the power to try and determine a cause is not lost because the venue is improperly laid, venue not being jurisdictional. See Singleton v. Sanabrea, 35 N.M. 491, 2 P.2d 119; Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437; see, also, State v. Hernandez, 46 N.M. 134, 123 P.2d 387. If a person accused of a felony may waive his right to a trial by jury, he may also waive his right to a trial in the county in which the offense is alleged to have been committed.

Thus I conclude that where there is no discernible public policy involved, the privilege of venue may be waived in an action even if it be local in the sense contended by defendant-relator. That which may be waived is not jurisdictional. See Peisker v. Chavez, 46 N.M. 158, 159, 123 P.2d 726.