Donovan OWENS, Martha D. Owens, Ellen P. Owens, Fred S. Ball, Jr., Martha Mabon, Plaintiffs,

v.

Jack HARKINS, Emily Harkins, Defendants.

Civ. A. 1072.

United States District Court
M. D. Alabama, N. D.

July 14, 1955.

Ball & Ball, Montgomery, Ala., for plaintiffs.

Daniel W. Oehmig, Chattanooga, Tenn., for defendants.

GROOMS, District Judge.

This cause was submitted on the defendants' motion to dismiss, which motion, among other things, challenges service of the summons and venue of the action.

Plaintiffs, Donovan Owens and Martha D. Owens, are citizens of Florida; plaintiff, Martha Mabon, is a citizen of New York; and plaintiffs, Ellen P. Owens and Fred S. Ball, Jr., are citizens of Montgomery, Alabama. The defendants are citizens of Tennessee.

Defendants contend that by virtue of Title 28 U.S.C.A. § 1391(a), this action can "be brought only in the judicial district where all plaintiffs or all defendants reside." For answer to this con-

tention, plaintiffs refer to the provision of the guarantee here sued on wherein the defendants agreed as follows:

"We hereby respectively appoint John R. Matthews, Jr., of Montgomery, Alabama, as the agent for service for each of us in any action brought in Alabama and consent to Montgomery County, Alabama, where this contract was made, is a proper venue for such action."

The defendants assert that this phase of the contract is void under general principles of law, Williston on Contracts, Rev.Ed., Sec. 1725, Restatement of Law on Contracts, Sec. 558, and under Title 7, Sec. 54, Code of Alabama 1940. Section 54 fixes the venue of state court actions and concludes as follows:

" * * * a summons issued contrary to this section must be abated on the plea of the defendant. Any agreement or stipulation, verbal or written, whereby the venue herein prescribed is proposed to be altered or changed so that suits may be brought contrary to the provisions of this section, is void."

Plaintiffs replying say that there was an effective waiver under general principles of law and that Section 54 cannot control the venue of actions brought in the federal court and that in any event Section 54 is not available to nonresidents. Jefferson County Savings Bank v. Carland, 195 Ala. 279, 71 So. 126. It is not necessary that the Court pursue this matter to the limit of these contentions.

Federal Civil Rule 4(d) (1), 28 U.S.C.A. provides, among other things, for service of summons and complaint upon an individual "by delivering a copy of the summons and of the complaint to an agent authorized *by appointment* or by law to receive service of process." In Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L. Ed. 167, 128 A.L.R. 1437, the Court held that a foreign corporation which had designated a local agent for the service of process as a condition for its admission to do business in the State of New York thereby surrendered the privileges conferred by the provisions of Title 28 U.S.C.A. § 112, now § 1391(a). The Neirbo case was reviewed in Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S.Ct. 83, 86, 98 L.Ed. 39. The Court stated that the doctrine in the Neirbo case (that "actual consent" to be sued was extended to all courts sitting in New York, both federal and state),

"would equally apply to an individual defendant in situations where a state may validly require the designation of an agent for service of process as a condition of carrying on activities within its borders, and such designation has in fact been made."

Thus it is seen that corporations and individuals are placed on the same plane where appointment is pursuant to statute. The words "authorized by appointment" are not qualified. The same terminology is employed in 4(d) (3) governing service upon corporations, partnerships and unincorporated associations. Here the appointment is under the terms of the contract sued on and falls directly within Rule 4(d) (1). Service was had on the person appointed. Professor Moore, in referring to Rule 4(d) (1), says:[1]

"1. The phrase 'an agent authorized by *appointment* to receive service of process' is intended to cover the situation where an individual *actually* appoints an agent for that purpose. No question of due process arises with respect to service upon an agent of an individual in such a situation."

In Szabo v. Keeshin Motor Express Co., 10 F.R.D. 275, 276, the Court said:

"Proper service was made upon the trustees. Rule 4(d) (1), Feder-

---

1. Paragraph 4.12, p. 931.

al Rules of Civil Procedure, 28 U.S. C.A., provides for service upon an agent authorized by appointment to receive service of process. 'By appointment' means an actual appointment by the defendant, and, if such has been made, service upon the agent gives the court jurisdiction."

I am, therefore, of the opinion that, the defendants having appointed John R. Matthews, Jr., as agent for service in any action brought against them in Alabama and service actually having been had upon the said Matthews, service is valid, and that the privilege conferred by Title 28 U.S.C.A. § 1391(a) has been waived under the authorities cited.

The defendants' motion to dismiss is due to be and the same is hereby overruled.