91 So.2d 225

Lela Ard CONNER

v.

**Edmund R. WILLET and Virginia Willet.**

**4 Div. 894.**

Supreme Court of Alabama.

Nov. 29, 1956.

Reid & Enzor, Andalusia, for appellant.

Brooks & Garrett, Brewton, for appellees.

**320**

MERRILL, Justice.

Appellant filed suit against appellees, who were nonresidents of the State of Alabama, in the Circuit Court of Covington County on March 27, 1956, claiming damages for personal injuries sustained in an automobile accident in Conecuh County. Personal service was perfected on each of the appellees by the Sheriff of Escambia County on March 29, 1956. Within 30 days, the appellees filed a joint plea in abatement averring in substance that the Circuit Court of Covington County was without jurisdiction of the cause of action in that the defendants, appellees, were nonresidents of the State of Alabama, and the injury complained of occurred in Conecuh County.

Appellant filed a demurrer to the plea in abatement which was overruled. Thereupon appellant took a non-suit because of the adverse ruling on the demurrer. The judgment of non-suit is legally sufficient to support an appeal and appellant has appealed from the judgment of the circuit court.

The sole question presented is whether or not a suit for personal injuries may be maintained against a nonresident defendant in a county other than the county in which the cause of action arose, the defendant having been personally served with process while within this state; or, to put it another way, did the Supreme Court of the United States in the case of Power Manufacturing Co. v. Saunders, 274 U.S. 490, 47 S.Ct. 678, 71 L.Ed. 1165, decided in 1927, overrule the case of Jefferson County Savings Bank v. Carland, 195 Ala. 279, 71 So. 126, 127, decided in 1916? The trial court adjudged that it did, saying in his written opinion, after discussing both cases, "This case (the Power case), as we view it, overrules the constitutional aspect of the Alabama case wherein Justice Sayre said that due process and equal protection are satisfied by any practice having sanction of common law usage".

We first consider our case, Jefferson County Savings Bank v. Carland, supra. There the Bank sued defendant Carland and others in Jefferson County. The defendants were nonresidents, their place of residence being in the State of Ohio. Process was served on them in Cullman County. They pleaded in abatement that they were subject to suit in this state only in the county in which they were found. We quote from the opinion of the court written by Sayre, J.:

"The action is personal and transitory, and the defendants are nonresidents, so that our venue statute (Code § 6110), providing that personal actions must be brought in the county in which the defendant, or one of the defendants, resides, if such defendant has within the state a permanent residence, has no application, and the question is to be determined on common-law principles.

\* \* \* \* \* \*

"The privilege, which a resident of this state has, of being sued in the county of his permanent residence, is personal to him. Weaver v. Crenshaw, 6 Ala. 873. It is conferred by our statute of venue, without which the place of trial would be optional with the plaintiff. But the statute makes no provision as to venue in transitory actions against nonresidents. By coming here, however, transiently, defend-

ants have submitted themselves to the jurisdiction which every state exercises over all persons within its limits in respect to matters purely personal, which, in contemplation of law, have no locality; and we apprehend there is no good reason why they should have the benefit of a personal privilege of mere convenience which the statute has conferred only upon persons having a permanent residence in this state. Every substantial right they have may, and will beyond peradventure, be as fairly adjudicated, and for aught we can see, as conveniently, in Jefferson county as anywhere else in the state. Due process and equal protection, which, respectively, are satisfied by any practice having the sanction of common-law usage, and have reference to substance and not form, do not require that the privilege of localizing actions should be conferred alike on resident and nonresident defendants, though in some states it has been done. New York, L. E. & W. R. R. Co. v. Estill, 147 U.S. 591, 608, 13 S.Ct. 444, 37 L.Ed. 292. The plea was insufficient."

This was the rule at common-law and the rule has been followed by the courts of several other states. See Zouck v. Zouck, 204 Md. 285, 104 A.2d 573, 105 A.2d 214; Alcarese v. Stinger, 197 Md. 236, 78 A.2d 651; State ex rel. Appelby v. District Court, 46 N.M. 376, 129 P.2d 338; Courtney v. Meyer, 202 S.C. 437, 25 S.E.2d 481.

There was no question of the constitutionality of such procedure as to nonresidents until the decision in Power Manufacturing Co. v. Saunders, supra.

The facts in the Power case were that Saunders and the company were nonresidents of Arkansas. The company had qualified to do business in Arkansas and maintained a warehouse at Stuttgart, which city was designated as its principal place of business, its agent for process resided there, and the company did no business anywhere else in Arkansas. Saunders was injured while working in the warehouse at Stuttgart, and he sued the company in a county other than the one in which Stuttgart is located.

The Arkansas statutes required actions of this character, if against a domestic corporation, to be brought in a county where it has a place of business or in which its chief officer resides, but if against a foreign corporation, to be brought in any county in the state. The company contended that this statute was unconstitutional because it was in conflict with the equal protection clause of the 14th Amendment to the Constitution of the United States. The Supreme Court of the United States, Justices Holmes and Brandeis dissenting, upheld this contention and said in part [274 U.S. 490, 47 S.Ct. 680]:

"* * * Of course the restricted venue as to domestic corporations and individuals is prompted by considerations of convenience and economy; but these considerations have equal application to foreign corporations. So far as the plaintiffs in such actions are affected, it is apparent that there is no more reason for a state-wide venue when the action is against a foreign corporation than when it is against a domestic corporation or a natural person. So we conclude that the special classification and discriminatory treatment of foreign corporations are without reasonable basis and essentially arbitrary.

"The state court put its decision on the ground that venue is a question of procedure which the state may determine; and counsel for plaintiff advance the further ground that the defendant impliedly assented to the venue provisions by seeking and obtaining permission to do business within the state, the provisions being then on the statute book. But neither ground can be sustained.

"It of course rests with the state to prescribe the venue of actions brought in her courts. But the exercise of this power, as of all others, must be in keeping with the limitations which the Constitution of the United States places on state action. Procedural statutes are not excepted, but must fall like others when in conflict with those limitations. This is illustrated in a recent case where a statute of Arizona forbidding the granting of injunctions in certain situations was held to be in conflict with the equal protection clause of the Fourteenth Amendment and invalid, notwithstanding a contention that it was merely a procedural provision excluding a particular remedy in equity but leaving remedies at law open. Truax v. Corrigan, supra [257 U.S. 312, at pages 322, 330, 42 S.Ct. 124, 125, 128, 66 L.Ed. 258, 262, 27 A.L.R. 375]. Further illustration is found in a still later case, where a Wisconsin statute subjecting foreign corporations to a burdensome procedural requirement not laid on other litigants was pronounced invalid under the same constitutional provision. Kentucky Finance Corp. v. Paramount Auto Exch. Corp., 262 U.S. 544, 43 S. Ct. 636, 67 L.Ed. 1112. And on turning to state decisions we find direct rulings that venue provisions must conform to the equal protection clause and are invalid where they discriminate arbitrarily against either individuals or corporations. Grocers' Fruit Growing Union v. Kern County Land Co., 150 Cal. 466, 474, 475, 89 P. 120; McClung v. Pulitzer Pub. Co., 279 Mo. 370, 214 S.W. 193."

The Power case has been held to preclude any distinction at all between residents and nonresidents as far as venue is concerned. See Henry Fisher Packing Co. v. Mattox, 262 Ky. 318, 90 S.W.2d 70.

We do not think the Power case has the effect of overruling Jefferson County Savings Bank v. Carland, supra. The Power case deals with a foreign corporation. Our Constitution, § 232, and Tit. 7, § 60, Code of 1940, deal with venue of actions against foreign corporations. Tit. 7, § 60, also deals with venue of actions against domestic corporations and there is a distinction made as to the venue of personal injury actions against domestic and foreign corporations, but it has not been held that such distinction is unconstitutional.

Our venue statute here controlling is Tit. 7, § 54, which provides in pertinent part as follows:

"* * * All other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be brought in the county of such residence, or in the county in which the act or omission complained of may have been done or may have occurred."

Under this statute a plaintiff has the choice of filing his suit for personal injuries in either the county where the defendant resides, or in the county where the injury occurred. But one cannot sue a nonresident in the county in which he resides because there is no such locality in this state. If we limit the plaintiff to suing the nonresident in the county where the injury occurred, we are discriminating against our own residents. It seems to us that the nonresident natural person, in a situation such as this, has equal protection of the laws when he can be sued in any county in this state.

We think our statement quoted from the Carland case, supra, is sound and is not in conflict with the holding in the Power case. In addition to reaffirming the holding in the Carland case, supra, we think the language of the Supreme Court in Cincinnati Street Railway Co. v. Snell, 193 U.S. 30, 24 S.Ct. 319, 321, 48 L.Ed. 604, is applicable here. The court said:

"* * * The proposition to which the case reduces itself is therefore

this: That although the protection of equal laws equally administered has been enjoyed, nevertheless there has been a denial of the equal protection of the law within the purview of the 14th Amendment, only because the state has allowed one person to seek one forum and has not allowed another person, asserted to be in the same class, to seek the same forum, although as to both persons the law has afforded a forum in which the same and equal laws are applicable and administered. But it is fundamental rights which the 14th Amendment safeguards, and not the mere forum which a state may see proper to designate for the enforcement and protection of such rights. Given, therefore, a condition where fundamental rights are equally protected and preserved, it is impossible to say that the rights which are thus protected and preserved have been denied because the state has deemed best to provide for a trial in one forum or another. It is not, under any view, the mere tribunal into which a person is authorized to proceed by a state which determines whether the equal protection of the law has been afforded, but whether in the tribunals which the state has provided equal laws prevail.

"It follows that the mere direction of the state law that a cause, under given circumstances, shall be tried in one forum instead of another, or may be transferred when brought from one forum to another, can have no tendency to violate the guaranty of the equal protection of the laws where in both the forums equality of law governs and equality of administration prevails."

We hold that there is no arbitrary discrimination against the defendants in the instant case, but that any difference between the venue of suits against residents and nonresidents is based on real and substantial grounds. The court below erred in overruling the demurrer to the plea in abatement.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.