386 So.2d 732 (1980)
Ex parte CUMMINGS, GAZAWAY & SCOTT, INC., et al.
In re John A. THAMES, Trustee of National Accounts Service Association, Inc.
v.
CUMMINGS, GAZAWAY & SCOTT, INC., A. J. Gazaway, Jr., et al.
79-118.
Supreme Court of Alabama.
May 30, 1980.
Rehearing Denied August 8, 1980.
*733 Crawford S. McGivaren, Jr. and Vernon L. Wells, II, of Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, for petitioners.
D. Leon Ashford and John W. Haley of Noojin, Haley & Ashford, Birmingham, for respondents.
FAULKNER, Justice.
A. J. Gazaway, Jr. and Cummings, Gazaway & Scott, Inc., filed a petition for writ of mandamus requesting the Court to order the Lamar County Circuit Court to transfer this case from Lamar County to Madison County on the ground that venue in Lamar County is improper. We deny the petition.
John A. Thames, a resident of Jefferson County and acting as trustee of National Accounts Service Association, Inc. (NASA), filed suit against Cummings, Gazaway & Scott, Inc., A. J. Gazaway, Jr., Travelers Insurance Company (Travelers), Ernest C. McAlister, Joseph J. Rostan, Jr. and Charles J. Steen, claiming that they defrauded the creditors of NASA. According to the petition, *734 NASA's principal place of business was Madison County. A. J. Gazaway is a resident of Madison County. Cummings, Gazaway & Scott, Inc., is an Alabama corporation with its principal place of business located in Madison County. Travelers is a foreign corporation, qualified to do business in Alabama, and was doing business by its agent in Lamar County at the time of the filing of this action. Ernest C. McAlister is a resident of Madison County. Joseph J. Rostan, Jr. and Charles J. Steen are residents of Mississippi.
On June 22, 1979, pursuant to a pro tanto settlement between Travelers and Thames as trustee, the trial court entered an order dismissing Travelers. Gazaway and Cummings, Gazaway & Scott, Inc., then moved for a transfer of the case from Lamar County to Madison County, claiming that the only basis for venue in Lamar County had been destroyed by the dismissal of Travelers. Thames answered the motion, claiming that venue in Lamar County was still valid because defendant Rostan had entered a general appearance in Lamar County and had not contested venue, and that because venue as to Rostan was valid, venue as to the other defendants was also valid under Rule 82(c). The trial court denied the motion to transfer. This petition for writ of mandamus followed.
Petitioners contend that venue is improper in Lamar County since Travelers has been dismissed, on the basis that Travelers was the only defendant in the case which had any contact with Lamar County. However, Thames correctly submits that defendant Rostan, the Mississippi resident, entered a general appearance in Lamar County and did not contest venue. Service of process originated from Lamar County and was delivered by certified mail. Rostan accepted service. Since Rostan entered a general appearance, it is clear that Lamar County Circuit Court had jurisdiction over him. Cooper v. Watts, 280 Ala. 236, 191 So.2d 519 (1966).
We hold, in addition, that venue as to defendant Rostan was proper. Rule 82(b)(2) of the Alabama Rules of Civil Procedure provides:
(b) Venue of actions.

* * * * * *
(2) Against Nonresident Individuals. Actions against nonresident individuals may be brought in any county of the state where such nonresident is found, or in the county where the subject of the action or portion of the same was when the claim for relief arose or the act on which the action is founded occurred or was to be performed.
The Committee Comments to Rule 82(b)(2) make it clear that "any county where [such nonresident] is found" comprehends both counties where the nonresident is physically present, and counties "where he enters an appearance." This is consistent with the common law venue rule in effect prior to the adoption of the Alabama Rules of Civil Procedure as to actions at law against nonresident defendants.
Notwithstanding, petitioners insist that Rule 82(b)(2) was intended to change the venue law in Alabama as to nonresident individuals, and limited proper venue in such circumstances to those counties where the nonresident can be physically found and personally served, or where the cause of action arose. Because the instances are rare when a nonresident defendant is physically present within the state, such a construction would have the effect, in most cases, of limiting venue to that county where the cause of action arose. Limitation of venue in such a manner would not only ignore the stated purpose of the Rule, but would also unjustifiably discriminate between resident and nonresident individual defendants.
According to the Committee Comments, which were considered by this Court in adopting the final draft of the Rules, Rule 82 was intended to facilitate the merger of law and equity by providing a uniform rule of venue for all actions, whether traditionally brought at law or in equity. The Rule reconciled existing statutes and rules by incorporating "the more liberal provision as to venue in any particular situation." *735 The common law rule of venue as to actions at law against nonresident defendants (who were not covered by the general venue statute regarding actions at law against individuals, Code 1940, Title 7, § 54) allowed suit to be brought against nonresident individuals in any county in the state. Jefferson County Savings Bank v. Carland, 195 Ala. 279, 71 So. 126 (1916), Conner v. Willet, 265 Ala. 319, 91 So.2d 225 (1956). In actions seeking equitable relief, however, Code 1940, Title 7, § 294, required that the action be brought "in the county where the subject of the suit or any portion of the same, is when the cause of action arose, or the act on which the suit is founded was to be performed." Because the common law rule is the more liberal of these two, it is clearly that which was intended to be adopted by the Rule.
Further, adoption of the construction urged on us by petitioners would allow a nonresident defendant, not present in the state, to force a plaintiff to bring suit only in the county where the cause of action arose; where a defendant was a resident of the state, however, a plaintiff would retain a choice between the county where the defendant resides, and the county where the cause of action arose. We fail to discern any justification for such a distinction. As stated in Conner v. Willet, supra, a case cited by the Committee Comments as stating the correct rule, "If we limit the plaintiff to suing the nonresident in the county where the injury occurred, we are discriminating against our own residents." For these reasons, we hold that venue as to defendant Rostan was proper.
We now turn to the question of whether venue as to the other defendants was also proper. Rule 82(c) provides:
(c) Venue Where Claim or Parties Joined. Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22 and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties. [Emphasis added.]
By operation of this rule, joinder of the other defendants is proper. Venue would not be proper as to the petitioners had there been no nonresident defendants in this case. Rule 82(b)(1). However, regardless of venue requirements, multiple defendants may be joined as ancillary to the plaintiff's cause of action. Rule 82(c). Cf. Harrelson v. Gowin, 348 So.2d 789 (Ala.Civ.App. 1977), where the Alabama Court of Civil Appeals construed Rule 82(c) to allow joinder of multiple claims in one circuit even though venue as to each individual claim rested in different circuits. We therefore hold that the trial court did not err in denying petitioners' motion to transfer. The petition for writ of mandamus is accordingly denied.
WRIT DENIED.
MADDOX, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur,
TORBERT, C. J., dissents.
BLOODWORTH, J., not sitting.
TORBERT, Chief Justice (dissenting).
The holding of the majority results in a rule of law never intended by our statutes, case law or Rules of Civil Procedure. Additionally, this holding is contrary to sound public policy. The majority holds that in a multi-party action against both residents and individual nonresidents of this state, venue would be proper in any county of the state.
Our case law has long applied the rule of law allowing legal actions of a transitory nature against nonresident individuals to be brought and maintained in any county within the state if the nonresident is personally served with process. Smith v. Gibson, 83 Ala. 284, 3 So. 321 (1887); Steen v. Swadley, 126 Ala. 616, 28 So. 620 (1899); Lee, pro ami v. Baird, 139 Ala. 526, 36 So. 720 (1903); Jefferson County Savings Bank v. Carland, 195 Ala. 279, 71 So. 126 (1916); Conner v. Willet, 265 Ala. 319, 91 So.2d 225 (1956). The rationale of this rule is clear:

*736 The general rule is, that every country has jurisdiction over all persons found within its territorial limits, for the purposes of actions in their nature transitory. It is not a debatable question, that such actions may be maintained in any jurisdiction in which the defendant may be found, and is legally served with process.
Smith v. Gibson, 83 Ala. 284 at 285, 3 So. 321 (1887).
But the statute makes no provision as to venue in transitory actions against nonresidents. By coming here, however transiently, defendants have submitted themselves to the jurisdiction which every state exercises over all persons within its limits in respect to matters purely personal, which, in contemplation of law, have no locality; and we apprehend there is no good reason why they should have the benefit of a personal privilege of mere convenience which the statute has conferred only upon persons having a permanent residence in this state.
Jefferson County Savings Bank v. Carland, 195 Ala. 279 at 282, 71 So. 126 (1916).
The cases which established the above rule of law did not involve a suit against both a nonresident individual and a resident of this state, the former having no venue privilege, but the latter being protected by statute as to the proper court authorized to entertain an action. This Court is now confronted with a case in which both a nonresident individual and a resident are joined as defendants. It is conceded by all, that but for the joinder of the defendant Rostan, a nonresident, venue would not be proper in Lamar County.
The majority reasons that venue is proper in Lamar County because (1) Rostan, a nonresident defendant (served by certified mail) entered a general appearance, (2) Rostan did not contest venue, (3) the term "found" in Rule 82(b)(2) comprehends both physical presence in the county or the entering of the general appearance. The majority then concludes that venue, being valid as to one defendant, is thus proper as to all. ARCP, 82(c); Medical Service Administration v. Dickerson, 362 So.2d 906 (Ala. 1978).
Both petitioners and respondent discuss the effect of the "changes" in our venue law intended by the adoption of the Rules of Civil Procedure, specifically Rule 82(b)(2). Both the Constitution and the statutes of Alabama provide that our Rules "shall not . . . affect the jurisdiction of circuit and district courts or venue of actions therein." Section 6.11, Amendment 328, Constitution of Alabama of 1901; Code 1975, § 12-2-7(4) (emphasis supplied). Therefore, the only legal effect of the Rules of Civil Procedure is simply to set forth, and perhaps clarify, the statutes and case law of this state as to venue.
The fact that the nonresident defendant entered a general appearance and did not contest venue has no effect on the personal right of petitioners to claim the benefit of our venue law. If one defendant waives his venue objection, this does not waive any objections to venue his co-defendants may have. 15 Wright, Miller & Cooper, Federal Practice and Procedure, (1976), § 3829, at 192-193; Ex parte Central of Georgia Ry. Company, 243 Ala. 508, 10 So.2d 746 (1942); and W. S. Fowler Rental Equipment Company v. Skipper, 276 Ala. 593, 165 So.2d 375 (1965). "The privilege, which a resident of this state has, of being sued in the county of his permanent residence, is personal to him." Jefferson County Savings Bank v. Carland, 195 Ala. 279 at 282, 71 So. 126, 282 (1916).
Our law which established venue of transitory actions against nonresident individuals was based upon personal service in this state; therefore, the use of the word "found" in Rule 82(b)(2) must be construed to mean "personally served" in this state. To hold otherwise would make meaningless the last clause of Rule 82(b)(2) which authorized actions to be brought "in the county where the subject of the action or portion of the same was when the claim for relief arose or the act on which the action is founded occurred or was to be performed." The majority would rewrite the Rule to say: "Actions against nonresident individuals may be brought in any county of the state." This is not the rule at all.
The majority would have us believe that the adoption of petitioners' views would *737 discriminate against our own residents. Quite to the contrary, the holding in this case discriminates against Alabama residents. Except for the joinder of a nonresident individual defendant, petitioners would have the right to cause this action to be transferred to the county of their residence. The holding in the instant case is now authority for a nonresident plaintiff to bring any legal cause of action against numerous residents of our state in any county selected by the nonresident plaintiff if there be one nonresident individual joined as a party defendant. Our case law did not contemplate this result, nor do I believe this Court intended this result when it adopted the Alabama Rules of Civil Procedure.
Jurisdiction is the power of the court to entertain a cause of action. Venue, as distinguished for jurisdiction, relates to the court in which, for the sake of convenience or policy, the cause should be tried. Boswell v. Citronelle-Mobile Gathering, Inc., 292 Ala. 344, 294 So.2d 428 (1974). It is my opinion that the correct rule is that "One who resides in the state is not to be denied the right to be sued in the county wherein he resides by being joined with a defendant who is not a resident of the state, although the venue is proper as to such person." 92 C.J.S. Venue § 100 at 809 (1955).
This Court has been presented with a venue question where one foreign corporate defendant was entitled to a change of venue and the other defendants were not. Hodges v. General Shale Products Corporation, 346 So.2d 416 (Ala. 1977). This Court, reversing an order abating the action as to the defendant objecting to improper venue, pointed out two alternatives other than dismissaltransfer of the case as to all defendants, or transfer of the case as to the defendant as to whom venue was improper.
I would grant the writ and order the case transferred to the proper county based upon the venue rights of our residents.