FAULKNER, Justice.
A. J. Gazaway, Jr. and Cummings, Gaza-way & Scott, Inc., filed a petition for writ of mandamus requesting the Court to order the Lamar County Circuit Court to transfer this case from Lamar County to Madison County on the ground that venue in Lamar County is improper. We deny the petition.
John A. Thames, a resident of Jefferson County and acting as trustee of National Accounts Service Association, Inc. (NASA), filed suit against Cummings, Gazaway & Scott, Inc., A. J. Gazaway, Jr., Travelers Insurance Company (Travelers), Ernest C. McAlister, Joseph J. Rostan, Jr. and Charles J. Steen, claiming that they defrauded the creditors of NASA. According to the peti *734 tion, NASA’s principal place of business was Madison County. A. J. Gazaway is a resident of Madison County. Cummings, Gazaway & Scott, Inc.; is an Alabama corporation with its principal place of business located in Madison County. Travelers is a foreign corporation, qualified to do business in Alabama, and was doing business by its agent in Lamar County at the time of the filing of this action. Ernest C. McAlister is a resident of Madison County. Joseph J. Rostan, Jr. and Charles J. Steen are residents of Mississippi.
On June 22,1979, pursuant to a pro tanto settlement between Travelers and Thames as trustee, the trial court entered an order dismissing Travelers. Gazaway and Cummings, Gazaway & Scott, Inc., then moved for a transfer of the case from Lamar County to Madison County, claiming that the only basis for venue in Lamar County had been destroyed by the dismissal of Travelers. Thames answered the motion, claiming that venue in Lamar County was still valid because defendant Rostan had entered a general appearance in Lamar County and had not contested venue, and that because venue as to Rostan was valid, venue as to the other defendants was also valid under Rule 82(c). The trial court denied the motion to transfer. This petition for writ of mandamus followed.
Petitioners contend that venue is improper in Lamar County since Travelers has been dismissed, on the basis that Travelers was the only defendant in the case which had any contact with Lamar County. However, Thames correctly submits that defendant Rostan, the Mississippi resident, entered a general appearance in Lamar County and did not contest venue. Service of process originated from Lamar County and was delivered by certified mail. Ros-tan accepted service. Since Rostan entered a general appearance, it is clear that Lamar County Circuit Court had jurisdiction over him. Cooper v. Watts, 280 Ala. 236, 191 So.2d 519 (1966).
We hold, in addition, that venue as to defendant Rostan was proper. Rule 82(b)(2) of the Alabama Rules of Civil Procedure provides:
(b) Venue of actions.
* sf: * sf: *
(2) Against Nonresident Individuals. Actions against nonresident individuals may be brought in any county of the state where such nonresident is found, or in the county where the subject of the action or portion of the same was when the claim for relief arose or the act on which the action is founded occurred or was to be performed.
The Committee Comments to Rule 82(b)(2) make it clear that “any county where [such nonresident] is found” comprehends both counties where the nonresident is physically present, and counties “where he enters an appearance.” This is consistent with the common law venue rule in effect prior to the adoption of the Alabama Rules of Civil Procedure as to actions at law against nonresident defendants.
Notwithstanding, petitioners insist that Rule 82(b)(2) was intended to change the venue law in Alabama as to nonresident individuals, and limited proper venue in such circumstances to those counties where the nonresident can be physically found and personally served, or where the cause of action arose. Because the instances are rare when a nonresident defendant is physically present within the state, such a construction would have the effect, in most cases, of limiting venue to that county where the cause of action arose. Limitation of venue in such a manner would not only ignore the stated purpose of the Rule, but would also unjustifiably discriminate between resident and nonresident individual defendants.
According to the Committee Comments, which were considered by this Court in adopting the final draft of the Rules, Rule 82 was intended to facilitate the merger of law and equity by providing a uniform rule of venue for all actions, whether traditionally brought at law or in equity. The Rule reconciled existing statutes and rules by incorporating “the more liberal provision as to venue in any particular situation.” *735 The common law rule of venue as to actions at law against nonresident defendants (who were not covered by the general venue statute regarding actions at law against individuals, Code 1940, Title 7, § 54) allowed suit to be brought against nonresident individuals in any county in the state. Jefferson County Savings Bank v. Carland, 195 Ala. 279, 71 So. 126 (1916), Conner v. Wiliet, 265 Ala. 319, 91 So.2d 225 (1956). In actions seeking equitable relief, however, Code 1940, Title 7, § 294, required that the action be brought “in the county where the subject of the suit or any portion of the same, is when the cause of action arose, or the act on which the suit is founded was to be performed.” Because the common law rule is the more liberal of these two, it is clearly that which was intended to be adopted by the Rule.
Further, adoption of the construction urged on us by petitioners would allow a nonresident defendant, not present in the state, to force a plaintiff to bring suit only in the county where the cause of action arose; where a defendant was a resident of the state, however, a plaintiff would retain a choice between the county where the defendant resides, and the county where the cause of action arose. We fail to discern any justification for such a distinction. As stated in Conner v. Willet, supra, a case cited by the Committee Comments as stating the correct rule, “If we limit the plaintiff to suing the nonresident in the county where the injury occurred, we are discriminating against our own residents.” For these reasons, we hold that venue as to defendant Rostan was proper.
We now turn to the question of whether venue as to the other defendants was also proper. Rule 82(c) provides:
(c) Venue Where Claim or Parties Joined. Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13,14, 22 and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties. [Emphasis added.]
By operation of this rule, joinder of the other defendants is proper. Venue would not be proper as to the petitioners had there been no nonresident defendants in this case. Rule 82(b)(1). However, regardless of venue requirements, multiple defendants may be joined as ancillary to the plaintiff’s cause of action. Rule 82(c). Cf. Harrelson v. Gowin, 348 So.2d 789 (Ala.Civ.App. 1977), where the Alabama Court of Civil Appeals construed Rule 82(c) to allow joinder of multiple claims in one circuit even though venue as to each individual claim rested in different circuits. We therefore hold that the trial court, did not err in denying petitioners’ motion to transfer. The petition for writ of mandamus is accordingly denied.
WRIT DENIED.
MADDOX, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur,
TORBERT, C. J., dissents.
BLOODWORTH, J., not sitting.