TORBERT, Chief Justice
(dissenting).
I dissent for the reasons set forth in my dissent in Ex parte Cummings, Gazaway & Scott, Inc., 386 So.2d 732 (Ala.1980). The resident defendants, if sued alone, had a right to have the case tried in the county where one of the defendants resides. Code 1975, § 6-3-2. Section 6-3-2 clearly expresses an intention to limit the venue of contract actions to the county where one of the resident defendants resides. I discern from this statute an intent to favor defendants with regard to the place of venue; otherwise, I assume venue would have been made proper only where the plaintiff resides.
Alabama Rule of Civil Procedure 82(b)(2) is not nearly as protective in establishing venue as to contract actions against nonresident defendants. The rule allows the action to be brought “in any county of the state where such non-resident is found, or in the county where the subject of the action or portion of the same was when the claim for relief arose or the act on which the action is founded occurred or was to be performed.” It is a mechanical application of our previous rules regarding venue in an action where various resident and non-resident defendants are joined that leads to the result reached by the majority of the Court in Cummings and the result reached by the majority today. However, the effect of *315 such an application is to allow the clearly expressed intent of the legislature to favor resident defendants in suits of this kind to be defeated by the joinder of a non-resident defendant. While the result reached by the majority is plausible, given the literal wording of our statute and rule, and our previous cases, I am left to wonder why the venue rights of non-resident defendants should prevail over the venue rights of resident defendants.
STEAGALL, J., concurs.