The petitioner, Gregory Lashley, a Georgia resident, is the defendant in a civil action filed by Ronald Hines in the Circuit Court of Coffee County. In that action, Hines claimed damages allegedly resulting from the negligent or wanton conduct of Lashley, arising out of an automobile accident that occurred in Covington County.
Lashley asked the trial judge to transfer the action to Covington County, which he claims is the proper venue. The trial judge refused to transfer the case.[1] Lashley, as he has a right to do,[2] now asks us to compel the trial judge to transfer the action.
The controlling facts are as follows: Lashley is a resident of the State of Georgia, and was a resident of Georgia at the time the complaint was filed. Hines is, and was at the time he filed the complaint, an Alabama resident living in Covington County. The accident occurred in Covington County.
Lashley argues here, as he did before the trial court, that venue was clearly improper in Coffee County because the accident occurred in Covington County and the plaintiff, Hines, lives in Covington County. Lashley argues that the trial judge clearly erred in denying his motion to transfer the case from Coffee to Covington County. We disagree.
In Alabama, the venue of actions is governed by statute, andonly in the event of an inconsistency in the statutory provisions, by Rule 82, Ala.R.Civ.P.[3] Section 6-3-2, Ala. Code 1975, is divided into provisions dealing with "proceedings of a legal *Page 892 
nature" and "proceedings of an equitable nature." This action is clearly of a legal nature, since Hines alleged negligence and/or wantonness.
Ala. Code 1975, § 6-3-2(a), provides, in part, as follows regarding resident defendants:
"§ 6-3-2. Venue of actions — Against individuals.
 "(a) In proceedings of a legal nature against individuals:
". . . .
 "(3) All other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred."
The underlying action in this case was a personal action against a nonresident defendant. The question, therefore, is: What is the proper venue of a personal action brought against a nonresident defendant, when the cause of action arose in this state?
The case law of this state has long applied the rule of law allowing legal actions of a transitory nature against nonresident individuals to be brought and maintained in anycounty within the state if the nonresident is personally served with process in the state or has personally appeared in the action. Conner v. Willet, 265 Ala. 319, 91 So.2d 225 (1956).
Rule 82(b)(2), Ala.R.Civ.P., states:
 "[A]ctions against nonresident individuals may be brought in any county of the state where such nonresident is found, or in the county where the subject of the action or portion of the same was when the claim for relief arose or the act on which the action is founded occurred or was to be performed."
Although there are cases that appear to apply provisions of Rule 82 as if Rule 82 were an independent statement of venue,[4] Rule 82 applies only when there is an inconsistency between the legal and equitable provisions of the venue statute. Rule 82(b), Ala.R.Civ.P.[5] There is no occasion to apply the provisions of Rule 82 here. However, because this is a personal action at law, and because § 6-3-2(a)(3), and predecessor statutes, have been construed to provide that a nonresident defendant in a transitory action could be sued in any county of the state where such defendant is personally served or personally appeared, we conclude that the writ of mandamus is due to be denied.
WRIT DENIED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.
[1] The trial judge also raised the issue of forum non conveniensex mero motu, and decided that neither party would be inconvenienced by trying the case in Coffee County rather than in Covington County.
[2] "[T]he appropriate method to attack improper venue [at the trial level] is to appear and make a timely motion." Jordan v.Guaranty Pest Control, Inc., 292 Ala. 601, 606, 298 So.2d 244,248 (1974); and see, Ala.R.Civ.P. 82(d)(1). Further, mandamus is the proper procedural device to challenge a transfer of a case, or refusal to transfer. See, e.g., Ex parte Ralston,519 So.2d 488 (Ala. 1987); Ex parte Finance America Corp.,507 So.2d 458 (Ala. 1987); Ex parte Harrington Mfg. Co., 414 So.2d 74
(Ala. 1982). The burden of proving improper venue, at both trial and appellate levels, is on the party raising the issue.Ralston, 519 So.2d at 490. "[A] writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial court." Id.
[3] Rule 82, Ala.R.Civ.P., provides, in part, that venue of actions shall not be affected by the rules except as the provisions of law governing venue are inconsistent. See, C. Lyons, Alabama Rules of Civil Procedure Annotated, § 82.1, pp. 500-02.
[4] See, Ex parte Cummings, Gazaway Scott, Inc., 386 So.2d 732
(Ala. 1980), and Ex parte Ralston, 519 So.2d 488 (Ala. 1987).
[5] See C. Lyons, 2 Alabama Rules of Civil Procedure Annotated, § 82.1 (1991 Supp.), where the author points out that "Rule 82(b) is applicable only to resolve instances of a conflict between the statutes for venue in legal and equitable actions where the merger of law and equity has created an impasse."