HOUSTON, Justice.
The petitioners seek a writ of mandamus directing Judge Jack Carl of the Jefferson County Circuit Court to transfer an action from Jefferson County to Morgan County. The writ is denied.
AmSouth Bank filed an action in Jefferson County Circuit Court seeking a declaration of its right under a reorganization plan approved by the United States Bankruptcy Court for the Northern District of Alabama, Northeastern Division, to increase the rent of certain tenants of a retirement facility located in Morgan County. Construction of the retirement facility was financed through a bond issue by the Health Care Authority of the City of Decatur, Alabama, which executed a mortgage in favor of AmSouth securing the bond debt. AmSouth sued in its capacity as trustee for the bondholders, after the facility had undergone a reorganization under Chapter 11 of the Bankruptcy Code and then had failed to comply with the requirements of the reorganization plan. AmSouth basically sought a judicial declaration that it was entitled under the plan to increase the rent of certain tenants of the facility. It also sought damages for rent it alleged was past due.
According to AmSouth, venue is proper in Jefferson County because one of the defendants is a resident of Florida. Citing Rule 82(b)(2), Ala.R.Civ.P., AmSouth argues that actions against nonresidents may be filed in any county of this state “where the subject of the action or portion of the same was when the claim for relief arose or the act on which the action is founded occurred or was to be performed.” Relying on Ex parte Lani Kai, Ltd., 505 So.2d 312 (Ala.1987), AmSouth contends that the subject of its action, or the act on which its action is founded, was in, or was to be performed in, Jefferson County, because, it says, the tenants of the Morgan County facility pay their rent in Jefferson County. Because venue is proper in Jefferson County as to the nonresident defendant, Am-South says, venue as to the other defendants is also proper in Jefferson County. See Ex parte Cummings, Gazaway, & Scott, Inc., 386 So.2d 732 (Ala.1980).
There was no evidence before the trial judge when he denied the motion to transfer. The record shows that during the hearing on the motion the attorneys discussed with Judge Carl the merits of the parties’ positions; however, no testimony was presented. The petitioners’ attorney did concede that it was his “understanding” that one of the defendants was not a resident of Alabama. However, he disputed AmSouth’s claims that that defendant had been properly named in the action and that the tenants paid their rent in Jefferson County.
It is well settled that the burden of proving improper venue is on the party raising the issue, and that on review of an *1309 order transferring or refusing to transfer a case, a writ of mandamus will not be issued unless there is a clear showing of error on the part of the trial judge. Ex parte Jones, 582 So.2d 456 (Ala.1991); Ex parte Ralston, 519 So.2d 488 (Ala.1987). The record in this case, such as it is, indicates that the petitioners provided no evidentiary-basis on which the trial judge could have granted their motion for a change of venue. To the contrary, the petitioners’ attorney conceded that one of the defendants was not an Alabama resident. The common law rule of venue allows an action that is legal in nature to be filed against nonresident individuals in any county in the state. See Ex parte Cummings, Gazaway, & Scott, Inc., supra. An action seeking a declaration of rights under a contract and a judgment awarding damages for the breach of that contract, such as the one filed by AmSouth in this case, is essentially legal in nature. See Reid v. City of Birmingham, 274 Ala. 629, 150 So.2d 735 (1963) (a declaratory judgment establishing a legal relationship or a legal status is a legal, not an equitable, judgment); Berman v. Wreck-A-Pair Building Co., 236 Ala. 301, 182 So. 54 (1938); Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234 (1936); 26 C.J.S. Declaratory Judgments, §§ 1, 105 (1956); W. Anderson, Actions For Declaratory Judgments, § 56 (1940). Therefore, we cannot hold, based on this record, that the petitioners made a clear showing of error on the trial judge’s part.[1]
WRIT DENIED.
HORNSBY, C.J., and SHORES, J., concur.
MADDOX and KENNEDY, JJ„ concur in the result.

. Because the common law rule of venue as to actions at law against nonresident defendants (who are not covered by the venue statute regarding actions at law against individuals, Ex parte Cummings, Gazaway, & Scott, Inc., supra) controls the present case, there is no need to resort to the provisions of Rule 82.
We note that our resolution of the issue presented in this case does not require that we determine whether Rule 82(b)(2), by "affecting" venue of equitable actions in circuit and district courts, violates § 6.11 of Amendment 328 of the Alabama Constitution, or Ala.Code 1975, § 12-2-7(4).