ALMON, Justice.
Lee Jones petitions for a writ of mandamus directing Russell County Circuit Judge Paul J. Miller, Jr., to withdraw his order of January 8, 1996, transferring Jones’s action from Russell County to Elmore County.
Jones, a resident of Russell County, filed a negligence and wantonness action against Yancey Ingram and Alston Ingram, husband and wife, seeking damages for injuries Jones had incurred in an automobile collision that occurred in Elmore County. The Ingrams are residents of Pensacola, Florida. Jones filed her action in Russell County, and the defendants were served via certified mail in Florida. On January 3,1996, the defendants filed a motion to transfer the action to El-more County, asserting that Russell County is not a proper venue because they are not residents of Alabama and the acts giving rise to the action did not occur in Russell County.
Section 6-3-2, Ala.Code 1975, governs venue of actions against individuals, but it does not provide for venue of actions against nonresident individuals. Rule 82(b)(2), Ala. R.Civ.P., provides:
“Actions against nonresident individuals may be brought in any county of the state where such nonresident is found, or in the county where the subject of the action or portion of the same was when the claim for relief arose or the act on which the action is founded occurred or was to be performed.”
In Ex parte Cummings, Gazaway & Scott, Inc., 386 So.2d 732 (Ala.1980), this Court held that Rule 82(b)(2) preserved, and made applicable to both legal and equitable actions, the existing rule that an action at law against a nonresident individual could be brought in any county of the state:
“According to the Committee Comments, which were considered by this Court in adopting the final draft of the Rules, Rule 82 was intended to facilitate the merger of law and equity by providing a uniform rule of venue for all actions, whether traditionally brought at law or in equity. The Rule reconciled existing statutes and rules by incorporating ‘the more liberal provision as to venue in any particular situation.’ The common law rule of venue as to actions at law against nonresident defendants (who were not covered by the general venue statute regarding actions at law against individuals, Code 1940, Title 7, § 54) allowed suit to be brought against nonresident individuals in any county in the state. Jefferson County Savings Bank v. Carland, 195 Ala. 279, 71 So. 126 (1916), Conner v. Willet, 265 Ala. 319, 91 So.2d 225 (1956). In actions seeking equitable relief, however, Code 1940, Title 7, § 294 [now § 6-3-2(b), Ala.Code 1975], required that the action be brought ‘in the county where the subject of the suit or any portion of the same, is when the cause of action arose, or the act on which the suit is founded was to be performed.’ Because the common law rule is the more liberal of these two, it is clearly that which was intended to be adopted by the Rule.”
386 So.2d at 734-35. Accord, Ex parte Lashley, 596 So.2d 890 (Ala.1992)[1]; Ex parte Bennett, 622 So.2d 1307 (Ala.1993).
Jones could have brought her action against the Ingrams in any county in the *1064 state. Therefore, it was error for the court to transfer the action to Elmore County.
WRIT GRANTED.
INGRAM and BUTTS, JJ., concur.
HOOPER, C.J., and HOUSTON, J., concur in the result.

. In Ex parte Lashley, the Court stated that "§ 6-3-2(a)(3), and predecessor statutes, have been construed to provide that a nonresident defendant in a transitory action could be sued in any county of the state where such defendant is personally served or personally appeared," 596 So.2d at 892 (emphasis added). The two cases relied on in Cummings show that this reading is unduly limited. In Conner v. Willet, 265 Ala. 319, 91 So.2d 225 (1956), the action was based on injuries occurring in Conecuh County and was filed in Covington County. The nonresident defendants were served "by the Sheriff of Escambia County,” 265 Ala. at 320, 91 So.2d at 226, and filed a plea in abatement on the ground that they were nonresidents and the injury occurred in Conecuh County. The Court held that the action could be brought in any county of the state and that this rule did not violate the equal protection or due process rights of nonresident individuals. In Jefferson County Savings Bank v. Carland, 195 Ala. 279, 71 So. 126 (1916), the action was filed in Jefferson County and the nonresident defendants were served in Cullman County. "They pleaded in abatement that they were subject to suit in this state only in the county where they were found.” 195 Ala. at 280, 71 So. at 127. The Carland Court rejected the defendants’ arguments, holding that the action could be brought in any county of the state.