The trial court's decision to grant Coulter's motion for service by publication could only have been based upon a finding that Stewart had avoided service. Under Rule 4.3(a)(2), Ala. R. Civ. P., a complaint alleging a claim that is historically legal (as opposed to equitable) in nature is appropriate for service by publication only where the defendant has avoided service. Coulter's negligence and wantonness claims were legal, not equitable, in nature. See Ex parte Lashley, 596 So.2d 890,892 (Ala. 1992).
When the trial court granted Coulter's motion to serve Stewart by publication, it necessarily found that Stewart had avoided service;[2] moreover, it made that finding based solely on the evidence contained in the affidavit of Coulter's counsel filed in support of the motion. Thus, the trial court necessarily found that Coulter's counsel had filed an affidavit demonstrating "that service of summons or other process [could not] be made because . . . the defendant [had] avoid[ed] service." Rule 4.3(d)(1), Ala. R. Civ. P.
Because such an affidavit had been filed in the trial court, it became the clerk's duty, not the moving party's, to "direct that service of notice be made by publication in a newspaper of general circulation" in Mobile County. Rule 4.3(d)(2), Ala. R. Civ. P. Coulter's action apparently was dismissed, not because of any "clear record of delay, willful default or contumacious conduct," supra, 726 So.2d at 729, but because Coulter failed to perform a duty that the Rules of Civil Procedure vest in the office of the clerk. Accordingly, I concur in the reversal.
[2] Whether such a finding was correct or incorrect is not currently before this court.