COOK, Justice.
The plaintiffs Myrna Martinez Del Mercado and Myrna A Mercado petition for a writ of mandamus directing the Jefferson Circuit Court to set aside its order transfering their action to the Lee Circuit Court. We grant the petition and issue the writ.
The plaintiffs, residents of Puerto Rico, were injured in an automobile accident in Lee County when their automobile collided with an automobile owned by Auburn Leasing, Inc., an Alabama corporation, and being driven by James A Owens, Jr., a Florida resident. The plaintiffs allege that at the time of the accident Owens was acting within the scope of his employment and in furtherance of the business of his employer, James A. Owens, Jr., doing business as South Automotive Group.
The plaintiffs filed an action in the Jefferson Circuit Court against Owens, both individually and doing business as South Automotive Group, and against Auburn Leasing. Owens moved for a transfer of the action to the Lee Circuit Court, arguing that venue was improper in Jefferson County because the accident occurred in Lee County, the plaintiffs are residents of Puerto Rico, Owens is a resident of Florida, and Auburn Leasing is an Alabama corporation with its principal place of business in Lee County. The Jefferson Circuit Court transferred the action to the Lee Circuit Court, and it later denied the plaintiffs’ motion to “reconsider” its transfer order.
A petition for the writ of mandamus is the proper method for reviewing a trial court’s order on a motion to transfer. Such an order will not be reversed by this Court absent a clear showing of error on the part of the trial court. Elmore County Comm’n v. Ragona, 540 So.2d 720 (Ala.1989); Ex parte Bennett, 622 So.2d 1307 (Ala.1993).
“Section 6-3-2, Ala.Code 1975, governs venue of actions against individuals, but it does not provide for venue of actions against nonresident individuals. Rule 82(b)(2), Ala. R. Civ. P., provides:
“ ‘Actions against nonresident individuals may be brought in any county of the state where such nonresident is. found, or in the county where the subject of the action or portion of the same was when the claim for relief arose or the act on which the action is founded occurred or was to be performed.’
“In Ex parte Cummings, Gazaway & Scott, Inc., 386 So.2d 732 (Ala.1980), this Court held that Rule 82(b)(2) preserved, and made applicable to both legal and equitable actions, the existing rule that an action at law against a nonresident individual could be brought in any county of the state:
“ ‘According to the Committee Comments, which were considered by this Court in adopting the final draft of the *21 Rules, Rule 82 was intended to facilitate the merger of law and equity by providing a uniform rule of venue for all actions, whether traditionally brought at law or in equity. The Rule reconciled existing statutes and rules by incorporating “the more liberal provision as to venue in any particular situation.” The common law rule of venue as to actions at law against nonresident defendants (who were not covered by the general venue statute regarding actions at law against individuals, Code 1940, Title 7, § 54 [now Ala.Code 1975, § 6-3-2(a) ]) allowed suit to be brought against nonresident individuals in any county in the state. Jefferson County Savings Bank v. Carland, 195 Ala. 279, 71 So. 126 (1916); Conner v. Willet, 265 Ala. 319, 91 So.2d 225 (1956). In actions seeking equitable relief, however, Code 1940, Title 7, § 294 [now § 6-3-2(b), Ala.Code 1975], required that the action be brought “in the county where the subject of the suit or any portion of the same, [was] when the cause of action arose, or the act on which the suit is founded was to be performed.” Because the common law rule is the more liberal of these two, it is clearly that which was intended to be adopted by the Rule.’
“386 So.2d at 734-35. Accord, Ex parte Lashley, 596 So.2d 890 (Ala.1992); Ex parte Bennett, 622 So.2d 1307 (Ala.1993).”
Ex parte Jones, 681 So.2d 1062, 1063 (Ala.1996).
Here, in accord with the principles reaffirmed in Ex parte Jones, venue was clearly proper in Jefferson County with regard to the nonresident defendant Owens; therefore, it was also proper with regard to the remaining defendants. Ex parte Prudential Ins. Co. of America, 675 So.2d 856 (Ala.1996); Rule 82(c), Ala. R. Civ. P.
Owens argues that the right to sue a nonresident defendant in any county of the state is conferred only on plaintiffs who are themselves residents of Alabama. We disagree. In support of this contention, Owens cites several Alabama cases that, he says, indicate that nonresident plaintiffs do not have the right to sue nonresident defendants in all Alabama counties: Ex parte Jones, supra; Ex parte Lashley, 596 So.2d 890 (Ala.1992); Conner v. Willet, 265 Ala. 319, 91 So.2d 225 (1956); Ex parte Cummings, Gazaway & Scott, 386 So.2d 732 (Ala.1980); and Jefferson County Savings Bank v. Carland 195 Ala. 279, 71 So. 126 (1916).
Owens offers no authority for this argument except the coincidental fact that the plaintiff in each ease upon which he relies was an Alabama resident. We have reviewed these cases, and we observe that in each of them the fact of the plaintiffs residence was not an issue and was not the subject of a ruling by the trial court or by this Court.
Owens contends that he raised the doctrine of forum non conveniens (Ala.Code 1975, § 6-3-21.1) in support of his motion to transfer, and he argues that the trial court’s order can “reasonably be interpreted to [have granted] the transfer on those grounds.” The plaintiffs argue that the trial court stated to the parties that convenience would not be an issue in the case, because the plaintiffs and defendants were nonresidents. Further, say the plaintiffs, it was not until the day after the trial court had denied their motion to reconsider that Owens filed a motion stating the forum non conveniens statute as a basis for transfer; his motion gave no reasons for finding that Jefferson County would be an inconvenient forum, and the trial court stated no grounds for its transfer order. Owens’s motion asserting the forum non con-veniens statute (which motion was a response to the plaintiffs’ motion to reconsider the transfer order) is dated February 4, 1998 — the day after the trial court had denied the plaintiffs’ motion to reconsider the transfer order. Whether the forum non con-veniens statute would support the trial court’s order is not an issue before this Court.
We conclude that the trial court erred in transferring this action to the Lee Circuit Court; therefore, we grant the petition and issue the writ of mandamus.
WRIT GRANTED.
*22 HOOPER, C.J., and MADDOX, ARMON, SHORES, KENNEDY, SEE, and LYONS, JJ., concur.