WOODALL, Justice.
Jay Bradley McCord, the plaintiff in a case pending in the Jefferson Circuit Court, petitions for a writ of mandamus directing the Jefferson Circuit Court to set aside its order transferring his action to the Shelby Circuit Court. We grant the petition and issue the writ.
In 1996, Robert M. Frosio signed a sworn complaint against McCord in the Shelby District Court, charging McCord with defrauding a judgment creditor, a violation of § 13A-9-47, Ala.Code 1975. Pursuant to that complaint, a warrant was issued for McCord’s arrest. On June 19, 2002, McCord was arrested pursuant to the warrant. Ultimately, on May 2, 2003, on the State’s request, the case against McCord was dismissed without prejudice.
On July 14, 2003, McCord filed a malicious-prosecution action in the Jefferson Circuit Court against Frosio, a resident of Florida, and Fastening Systems, Inc. (“FSI”), a Florida corporation.[1] Frosio and FSI moved to have the action transferred to the Shelby Circuit Court, arguing that venue was improper in Jefferson County because the underlying prosecution occurred in Shelby County. Over McCord’s objection, the Jefferson Circuit Court transferred the action to the Shelby Circuit Court.
“A petition for a writ of mandamus is an appropriate means for challenging a trial court’s ruling on a motion to transfer, based on a claim of improper venue.” Ex parte Chrysler Corp., 659 So.2d 113, 114 (Ala.1995). However, “[sjuch an order will not be reversed by this Court absent a clear showing of error on the part of the trial court.” Ex parte Del Mercado, 723 So.2d 19, 20 (Ala.1998).
Venue was clearly proper in Jefferson County with regard to the nonresident defendant Frosio. Indeed, it is well established that an action against a nonresident individual can be brought in any county of the State. Ex parte Del Mercado, supra; Ex parte Jones, 681 So.2d 1062, 1063 (Ala. 1996).
Ala. R. Civ. P. 82(c) provides that “[wjhere several ... parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought.” Therefore, because venue in Jefferson County was proper as to Frosio, pursuant to the pendent venue provision of Rule 82(c), venue there was also proper as to FSI, a foreign corporation. See Ex parte Fontaine Trailer Co., 854 So.2d 71 (Ala. 2003).
Citing Ex parte Shwttlesworth, 420 So.2d 256 (Ala.1982), Frosio and FSI argue that venue would be proper in Shelby County. However, “where venue is proper in more than one county, the plaintiff rosy elect the forum county and the election stands,” subject to exceptions not here applicable. Ex parte Paulk, 722 So.2d 171, 174 (Ala.1998).
McCord has made a clear showing that the trial court erred in transferring his malicious-prosecution action to the Shelby Circuit Court. Therefore, the petition for a writ of mandamus is granted, and the Jefferson Circuit Court is directed to set aside its order transferring the action to the Shelby Circuit Court.
PETITION GRANTED; WRIT ISSUED.
*495 HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
NABERS, C.J., concurs in the result.

. Frosio is president of FSI.