SHAW, Justice.
The petitioners, George D. Green and Wanda Green, the plaintiffs in a personal-injury action pending in the Monroe Circuit Court, petition for a writ of mandamus directing that court to vacate its order transferring the underlying action to the Conecuh Circuit Court. We grant the petition and issue the writ.
The complaint seeks damages for assault and battery; it alleges that the defendants Paul Battle and Garth Morris “shot[] [George] with a shotgun.” George seeks damages for physical injuries and mental anguish; Wanda seeks damages for loss of consortium. The complaint further alleges that the Greens and Morris are residents of Conecuh County and that Battle is a resident of Pensacola, Florida.
Battle filed a motion seeking, among other things, a transfer of the case to Conecuh County. The grounds stated for the motion were as follows:
“MOTION TO DISMISS
“COMES NOW Paul Battle, by and through his attorneys of record, and moves this Court to dismiss the above captioned action.... [T]his defendant would state that this cause is filed in an improper venue and, because of this, is due to be dismissed.
“MOTION FOR CHANGE OF VENUE
“In the event that this Court denies the above Motion to Dismiss, this defendant moves for a change of venue to the Circuit Court of Conecuh County. As grounds, the undersigned would show as follows:
“1. Plaintiffs are residents of Cone-cuh County. (See Complaint)
“2. Co-Defendant Garth Morris is a resident of Conecuh County. (See Complaint)
“3. This defendant is a resident of Pensacola, Florida. (See Complaint)
“4. The alleged incident which forms the basis of this action occurred in Cone-cuh County. (See Complaint)
“Notwithstanding the above, Plaintiffs have filed this case in the Circuit Court *1012 of Monroe County, Alabama. The parties and the allegations have no connection with Monroe County and the proper venue for this action is the Circuit Court of Conecuh County.
“WHEREFORE, premises considered, Defendant Paul Battle moves this Court to transfer the above captioned action to its proper venue, the Circuit Court of Conecuh County.”
(Capitalization in original.)
Morris, acting pro se, also filed a motion to dismiss, stating:
“The alleged incident and facts described by the plaintiffs in this complaint occurred in Conecuh County, none of it occurring in Monroe County.
“None of the parties in this lawsuit live in Monroe County.
“Monroe County has no claim to jurisdiction and Monroe County has no claim to venue either and both claims [are] unfair and improper.”
The trial court entered an order stating: “Motion for change of venue/transfer filed by Battle Paul [sic] is hereby granted in part. This case is hereby transferred to Conecuh County.” Morris has filed a pleading in this Court asserting that the trial court has not yet ruled on his motion for a change of venue.[1]
The Greens petitioned for mandamus review, and this Court ordered answer and briefs.
“ ‘The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus.’ Ex parte Alabama Great Southern R.R., 788 So.2d 886, 888 (Ala.2000). ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). Moreover, our review is limited to those facts that were before the trial court. Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998).
“ ‘The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.’ Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala.1987). In addition, this Court is bound by the record, and it cannot consider a statement or evidence in a party’s brief that was not before the trial court. Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala.1995).”
Ex parte Pike Fabrication, Inc., 859 So.2d 1089, 1091 (Ala.2002).
 In their petition, the Greens contend that the trial court erred in transferring this case to Conecuh County because, they say, “[v]enue of a legal action against a non-resident individual defendant is properly laid in any county of the State.” In support of this argument, the Greens cite Ex parte McCord, 896 So.2d 493, 494 (Ala.2004) (“Indeed, it is well established that an action against a nonresident individual can be brought in any county of the State.”), and Ex parte Del Mercado, 723 So.2d 19, 21 (Ala.1998) (noting that Rule 82(b)(2), Ala. R. Civ. P., adopted “ ‘ “the common law rule of venue as to actions at *1013 law against nonresident defendants ... [which] allowed suit to be brought against nonresident individuals in any county in the state” ’ ” (quoting Ex parte Jones, 681 So.2d 1062, 1063 (Ala.1996), quoting in turn Ex parte Cummings, Gazaway & Scott, Inc., 386 So.2d 732, 735 (Ala.1980))). Both decisions indicate that venue as to Battle, a nonresident, would be proper in Monroe County.[2] Thus, the trial court’s transfer of the case to Conecuh County was erroneous.
In response to the mandamus petition, Battle contends that the trial court properly transferred the action pursuant to Ala.Code 1975, § 6-3-21.1, the Code section providing for transfers on the basis of the doctrine of forum non conveniens. Battle then provides an argument supporting a transfer of the case under that doctrine. However, the Greens contend that no such argument was raised in the trial court.[3] In Ex parte Del Mercado, supra, the respondent to a mandamus petition challenging a transfer of a case based on improper venue argued that the doctrine of forum non conveniens provided an alternate basis to support the trial court’s transfer. However, the forum non conve-niens argument was raised for the first time after the case had been transferred. 723 So.2d at 21. Thus, we held that “[w]hether the forum non conveniens statute would support the trial court’s order is not an issue before this Court.” Id. See also Ex parte Harper, 934 So.2d 1045, 1048 (Ala.2006) (refusing to address an alternate argument that a transfer was proper under the doctrine of forum non conve-niens because “the trial court did not address this ground for transferring the action in its order”). We similarly hold that the issue whether the transfer of this case to Conecuh County on the basis of the doctrine of forum non conveniens was proper is not before us.

Conclusion

Venue is proper in Monroe County; the Greens have thus demonstrated clear error in the trial court’s transfer and a clear legal right to mandamus relief. We grant the petition and direct the trial court to vacate its order transferring the action to the Conecuh Circuit Court.
PETITION GRANTED; WRIT ISSUED.
MALONE, C.J., and STUART, PARKER, and WISE, JJ., concur.

. It is unclear whether the trial court transferred the entire case, including the claims against Morris. Nevertheless, the Greens have named Morris as a respondent, and Morris has filed an answer to their petition.

. Rule 82(c), Ala. R. Civ. P., provides that "[wjhere several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought.” Thus, "because venue in [Monroe] County was proper as to [Battle], pursuant to the pendent venue provision of Rule 82(c), venue there was also proper as to [Morris]...." Ex parte McCord, 896 So.2d at 494.

. In the trial court, both Battle and Morris contended that venue in Monroe County was "improper.” Although both Battle’s ■ and Morris’s motions obliquely mention the lack of "connection” between the action and Monroe County, which is one possible factor to be considered in a transfer on the basis of forum non conveniens, none of the parties’ filings in the trial court reference the doctrine or cite any applicable authority. For all that appears, no evidence supporting the applicability of the doctrine of forum non conveniens was received in the trial court, and the Greens did not have the opportunity to challenge the invocation of the doctrine.