DONALDSON, Judge.
Bradley Michael Juno filed a petition for a writ of mandamus in this court, requesting that this court direct the Winston Circuit Court (“the trial court”) to set aside its September 25, 2015, order amending a previous protection order entered by the trial court pursuant to the Alabama Protection from Abuse Act (“the PFAA”), codified at § 30-5-1 et seq., Ala.Code 1975. We deny the petition.
On September 18, 2015, Rachel Michelle McCarter filed a petition for protection from abuse (“the PFA petition”) in the trial court against Juno, her husband, pursuant to the PFAA, The circuit clerk docketed the PFA petition as case no. DR-15-14 (“the PFA case”). In the PFA petition, McCarter alleged, among other things, that Juno had hit her and that he had “done it before.” On the same day McCarter filed the PFA petition, the trial court signed an ex parte order of protection (“the initial PFA order”) enjoining Juno from committing acts of abuse or threatening further abuse against McCar-ter; restraining Juno from harassing, stalking, annoying, telephoning, contacting, or otherwise communicating with McCar-ter; ordering Juno to stay away from McCarter’s place of employment; and directing Juno to be removed from the marital residence. The initial PFA order was stamped “filed” by the circuit clerk on September 22, 2015. The trial court also ordered possession of a vehicle to McCar-ter and prohibited Juno from transferring, concealing, encumbering, or otherwise disposing of funds in a bank account. In the initial PFA order, the tidal court stated that text messaging between the parties would be permitted. The trial court set the matter for a final hearing to be held on September 25, 2015. On September 24, 2015, McCarter filed a complaint for a divorce in the trial court, which the circuit clerk docketed as case no. DR-15-900115 (“the divorce case”).
According to the materials submitted to this court, Juno was never served with process in the PFA case. However, it is undisputed that McCarter sent a photograph of the initial PFA order to Juno via text message. In the same message, McCarter also notified Juno of the September 25 hearing in the PFA case and told him that he could obtain a copy of the initial PFA order from the Winston County Sheriffs Department.
On September 25, 2015, the trial court held a hearing on McCarter’s PFA petition. Following the hearing, the trial court entered an amended ex parte order of protection in the PFA case (“the amended PFA order”). In the amended PFA order, the trial court stated:
“Appearing on [Juno’s] behalf, for the limited purposes of arguing failure of service and requesting a continuance of the hearing, was Katherine Wright Haynes, Esquire, Rose Law Firm. Counsel for [Juno] confirmed her client’s knowledge of the Petition, its contents and of the hearing date. The Court finds that [Juno] is avoiding service.
“It is therefore ORDERED, ADJUDGED and DECREED as follows:
“1. The ex parte petition for protection from abuse order entered September 22, 2015, shall remain in full force and effect.
“2. [McCarter] shall have exclusive use and possession of the marital residence and all personal property located therein, including, but not limited to, household furniture and furnishings.
“3. [Juno] is restrained and enjoined from going in or upon the premises occupied by [McCarter] and from harass *681 ing, intimidating, threatening, assaulting, attacking, telephoning, contacting or interfering with her in any manner.
“4. [McCarter] shall have the exclusive use and possession of the 2015 BMW X5 and the 2015 BMW 5351.
“5. [McCarter] is awarded financial support from [Juno] of $700.00 each week. [Juno] shall deposit this sum each week into the Regions joint checking account.
“6. [Juno] shall be solely responsible for payment of all utilities, homeowners insurance and taxes on the marital residence.
“7. [Juno] is restrained and enjoined from encumbering, concealing or disposing of any monetary assets.
“8. Hearing shall be set upon proper motion.”
On September 30, 2015, McCarter filed a motion to consolidate the PFA case and the divorce case. Both cases were then assigned to a different trial judge than the one who had entered the orders in the PFA case. The new trial judge entered an order on October 7, 2015, granting -the motion to consolidate the two cases.
On October 7, 2015, Juno’s attorney filed notices of appearance in the PFA case and in the divorce case. On October 12, 2015, Juno filed a motion to strike certain statements contained in the amended PFA order pertaining to the trial court’s determination that he had avoided service of process. Specifically, Juno requested the trial court to strike the following statements from the amended PFA order: “Counsel for [Juno] confirmed her client’s knowledge of the Petition, its contents and of the hearing date. The Court finds that [Juno] is avoiding service.” The motion did not specifically request the trial court to set aside the amended PFA order or any of relief granted by the trial court in the amended PFA order.
On November 6, 2015, Juno filed a petition for a writ of mandamus in this court requesting that this court direct the trial court to set aside the amended PFA order on the basis that, he contends, the trial court improperly amended the initial PFA order when he had not been properly served with notice of the PFA petition pursuant to Rule 4, Ala. R. Civ. P.
“ ‘Mandamus is a drastic and extraordinary writ, to be issued ■ only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala.2003) (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995)).
Juno attached to the petition for a writ of mandamus in this court an affidavit of his attorney dated November 6, 2015, in which she testifies regarding the events leading up to and concerning the September 25, 2015, hearing in the PFA case. Although the affidavit contains the caption and the style of the divorce case, the affidavit does not reflect that the affidavit, or the testimony contained within the affidavit, was presented to the trial court. Therefore, the affidavit has not been considered by this court, because
“[i]t is well settled that, ‘in a mandamus proceeding, this Court will not consider evidence not presented to the trial court.’ Ex parte Cincinnati Ins. Co., 51 So.3d 298, 310 (Ala.2010). See Ex parte Ford Motor Credit Co., 772 So.2d 437, 442 (Ala.2000)(‘ “On review by mandamus, we must look at only those facts before the trial court.”’ (quoting Ex parte Baker, 459 So.2d 873, 876 (Ala. *682 1984))). ‘[T]his Court is bound by the [materials before it], and it cannot consider a statement or evidence in a party’s brief that was not before the trial court.’ Ex parte Pike Fabrication[, Inc.], 859 So.2d [1089] at 1091 [(Ala. 2002) ].”
Ex parte East Alabama Med. Ctr., 109 So.3d 1114, 1117-18 (Ala.2012).
Pursuant to § 80-5-7(a)(l), Ala.Code 1975, a part of the PFAA, a court may “immediately issue an ex parte protection order or modify an ex parte protection order as it deems necessary” without notice and a hearing first being provided to the defendant. Regarding ex parte protection orders, § 30—5—7(b) provides:
“A court may grant any of the following relief without notice and a hearing in an ex parte protection order or an ex parte modification of a protection order:
“(1) Enjoin the defendant from threatening to commit or committing acts of abuse, as defined in [the PFAA], against the plaintiff....
“(2) Restrain and enjoin the defendant from harassing, stalking, annoying, telephoning, contacting, or otherwise communicating, directly or indirectly, with the plaintiff or children or threatening or engaging in conduct that would place the plaintiff, minors, children of the plaintiff, or any other person designated by the court in reasonable fear of bodily injury.
“(3) Order the defendant to stay away from the residence, school, or place of employment of the plaintiff. ...
[[Image here]]
“(7) Remove and exclude the defendant from the residence of the plaintiff, regardless of ownership of the residence.
“(8) Order possession and use of an automobile and other essential personal effects, regardless of ownership, and direct the appropriate law enforcement officer to accompany the plaintiff to the residence of the parties or to other specified locations as necessary to protect the plaintiff or any children from abuse.
“(9) Order other relief as it deems necessary to provide for the safety and welfare of the plaintiff any children and any person designated by the court.
“(10) Prohibit the defendant from transferring, concealing, encumbering, or otherwise disposing of specified property mutually owned or leased by the parties.”
(Emphasis added.)
After the defendant has received notice of the petition pursuant to the Alabama Rules of Civil Procedure, the trial court may “issue a final protection order or modify a protection order after a hearing whether or not the defendant appears.” § 30-5-7(a)(2). Section 30-5-7(c) authorizes the court to grant relief in addition to that specified in subsection (b) when entering a final protection order after notice and a hearing to the defendant, including the following:
“(1) Grant the relief available in subsection (b).
“(2) Specify arrangements for visitation of any children by the defendant on a basis that gives primary consideration to the safety of the plaintiff or any children, or both, and require supervision by a third party or deny visitation if necessary to protect the safety of the plaintiff or any children, or both.
“(3) Order the defendant to pay attorney’s fees and court costs.
“(4) When the defendant has a duty to support the plaintiff or any children *683 living in the residence or household and the defendant is the sole owner or lessee, grant to the plaintiff possession of the residence or household to the exclusion of the defendant by evicting the defendant or restoring possession to the plaintiff, or both, or by consent agreement allowing the defendant to provide suitable alternate housing.
“(5) Order the defendant to pay temporary reasonable support for the plaintiff or any children in the plaintiffs custody, or both, when the defendant has a legal obligation to support such persons. The amount of temporary support awarded shall be in accordance with Child Support Guidelines found in Rule 32 of the Alabama Rules of Judicial Administration.
“(6) Order the defendant to provide temporary possession of a vehicle to the plaintiff, if the plaintiff has no other means of transportation of his or her own and the defendant either has control of more than one vehicle or has alternate means of transportation.”
§ 30-5-7(e).
In the mandamus petition to this court, Juno contends that, because he had not been served with the PFA petition pursuant to Rule 4, Ala. R. Civ. P., the trial court’s September 25, 2015, hearing was an ex parte hearing and that the amended PFA order entered on that date was an ex parte order. Juno contends that the trial court, therefore, was without authority to order him to pay weekly support to McCarter, to award McCarter possession of both of the parties’ vehicles, and to order him to pay insurance, taxes, and utilities on the marital home because, he contends, pursuant to § 30-5-7(e), such relief is reserved only for final protection orders. Juno argues that, without his being provided adequate notice of the petition, the amended PFA order violated his due-process rights. In response, McCar-ter contends that the trial court properly modified the initial PFA order to add the additional obligations because § 30-5-7(b)(9) authorized the court to “[o]rder other relief as it deem[ed] necessary to provide for the safety and welfare of [McCarter] or any children and any person designated by the court.” Furthermore, § 30-5-7(b)(8) authorizes the trial court to “[o]rder possession and use of an automobile and other essential personal effects .... ” McCarter also contends that Juno has an adequate remedy pursuant to the amended PFA order, in which trial court stated that a “hearing shall be set upon proper motion.”
It is apparent from the materials attached to Juno’s petition for a writ of mandamus that Juno failed to raise in the trial court the arguments he asserts in his petition to this court. Indeed, Juno makes no showing that he requested the hearing the trial court said it would grant “on proper motion” or that he moved to dissolve or to set aside the amended PFA order. Rather, Juno filed a motion requesting only that the trial court strike specific language contained in the amended PFA order, namely the determination that he was avoiding service of process. We cannot issue a writ of mandamus to compel the trial court to take action the trial court was never asked to take. Ex parte City of Prattville, 56 So.3d 684, 689 (Ala.Civ.App.2010). Because Juno failed to raise before the trial court his arguments concerning § 30-5-7(b) and (c) that he makes now, we may not consider those arguments on our review of this mandamus petition. Ex parte Green, 108 So.3d 1010, 1013 (Ala.2012) (rejecting an argument on mandamus review that had not been raised before the trial court). Because Juno has failed to show that he presented his arguments to the trial court, *684 we decline to grant the petition for a writ of mandamus.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.